ELDERS *v.* SEALS.

4-9491                                     240 S. W. 2d 657

(Original opinion delivered April 30, 1951.)

Rehearing granted opinion amended June 11, 1951.

*Digby & Tanner,* for appellant.

*Fred Newth, Jr.,* and *John Bailey,* for appellee.

MINOR W. MILLWEE, Justice. On January 10, 1951, appellee, Norma Jean Seals, filed a petition in the Pulaski Chancery Court against appellant, Aline Elders, as follows: "Comes your Petitioner, Norma Jean Seals, the daughter and heir of E. W. Elders, Deceased, and does hereby respectfully state in her own right and on behalf of the Estate of E. W. Elders, deceased, her petition as follows: "Your Petitioner alleges that at the death of her father, E. W. Elders, the said Respondent, Aline Elders, did have in her possession money and currency in the sum of Ten Thousand Dollars ($10,000) which was the property of the said E. W. Elders. Petitioner further states that unless restrained and enjoined, that the said Respondent, Aline Elders, will waste said moneys, which should be deposited into the registry of the Court and there to be administered under the provisions of the statute providing for the administration of estates, and that unless so ordered, Petitioner believes that Respondent will abscond beyond the jurisdiction of this Court with said moneys.

"Wherefore, your Petitioner prays that the Respondent, Aline Elders, be ordered to deliver up and deposit into the registry of the Pulaski Chancery Court all moneys held by her or her agents or banks that have come to her from the Deceased, E. W. Elders, during his lifetime, and that said moneys be held until the proper order of the Probate Court for Pulaski County be made and entered."

On the date of the filing of the unverified petition, the chancellor entered an order which recites: "That

Aline Elders be and she is hereby ordered to deliver to the Sheriff of Pulaski County or one of his duly authorized deputies all moneys, bonds and things of value that have come to her from E. W. Elders, the same to be deposited into the registry of the Court and there held until further orders of this Court or for the administration of the estate of E. W. Elders, Deceased.

"And if the said Respondent, Aline Elders, fails and refuses to do so it shall be treated as contempt and the Sheriff of Pulaski County or his duly authorized deputy is ordered to bring her forthwith before this Court." On the same date the sheriff of Pulaski County served a copy of the summons and the above mentioned order on appellant taking from her $7,630 which was deposited into the registry of the chancery court.

On January 11, 1951, appellant filed a demurrer to the petition alleging: (1) lack of jurisdiction of the subject matter, (2) defect of parties, and (3) the allegation of insufficient facts to state a cause of action. On January 17, appellant also filed a motion to dissolve and set aside the order of January 10 alleging that same was void, either as an injunction or attachment, because it was issued without notice to appellant and without the posting of bond as required by applicable statutes. The prayer of the motion was that said order be dissolved, set aside and the moneys taken from appellant returned forthwith.

After a hearing on the demurrer and motion to dissolve held without introduction of evidence, the chancellor sustained the demurrer to the petition. Upon appellee's refusal to plead further, the order of January 10 was dissolved and the cause of action dismissed at the cost of appellee, but the court refused to order return of the money to appellant and directed that it be delivered to the clerk of the Pulaski Probate Court to be held subject to the disposition and orders of that court. This appeal is prosecuted from that part of the decree overruling appellant's motion that said moneys be returned.

In their briefs counsel for both parties argue certain alleged facts which do not appear in the record. Thus appellant asserts that in serving the void order of January 10, the sheriff arrested appellant and forcibly removed the moneys from her person and appellee says that an administrator has been appointed for the estate of E. W. Elders, deceased, and that proceedings are pending in the probate court to determine ownership of the moneys now deposited in the registry of that court. There is nothing in the record before us to support these assertions and the question whether the chancellor erred in refusing to return the money must be resolved from the pleadings, the order of January 10 and the decree.

In sustaining the demurrer to the petition and dismissing the cause of action, the chancellor recognized the invalidity of the order of January 10, 1951. This order, having been issued upon an unverified petition without notice or the posting of a bond, was clearly void in its entirety and subject to every defect urged against it in the motion to dissolve.

Insofar as appellee's right to injunctive relief is concerned, the rule generally is that the conditions at the time of the hearing are material and govern in determining whether a plaintiff is entitled to the relief sought. 28 Am. Jur., Injunctions, § 8. There is nothing in the record disclosing that an administrator had been appointed for the estate of E. W. Elders, deceased, at the time of the hearing, or that any action was then pending in the probate court with reference to the subject matter of the instant suit. Under this state of the record, appellant was, at that time, entitled to the return of the money wrongfully taken from her under the void order. The question whether jurisdiction of the chancery court over the parties and subject matter has been ousted or supplanted by another court of competent jurisdiction since the hearing herein is, of course, a matter that cannot be determined in this suit. The decree is accordingly reversed and the cause remanded with directions to the chancery court to return the subject monies to appellant.